**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| CSNK Working Capital Finance Corp., | ) | |
| a California Corporation d/b/a | ) | |
| Bay View Funding, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | Case No. 1:20-cv-119 |
| Liquid Capital Exchange, Inc., a Delaware | ) | |
| Corporation, Liquid Capital of the Dakotas | ) | |
| an unincorporated business entity, and | ) | |
| Does 1-10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' motion to dismiss or in the alternative to stay, filed on September 24, 2020.  See Doc. No. 9.  The Plaintiff filed a response in opposition to the motion on October 15, 2020.  See Doc. No. 12.  The Defendants filed a reply brief on October 29, 2020.  See Doc. No. 13.  For the reasons set forth below, the motion is granted.

## I.   BACKGROUND

This action arises from the alleged failure of Marathon Oil Company ("Marathon") to pay three invoices totaling $177,432.92 issued to Marathon by a third-party, AG Acquisitions, Inc. d/b/a Westex Oilfield Services ("Westex").  The work Westex performed for Marathon occurred at three oil and gas projects located on the Fort Berthold Reservation in western North Dakota.  Work performed on tribal land requires compliance with tribal employment regulations, which require the work to be performed by contractors who possess a Tier 1 Tribal Employment Rights Office ("TERO") license issued by the Three Affiliate Tribes, a/k/a the Mandan, Hidatsa

1

and Arikara Nation.   In order to facilitate compliance with the tribal regulations, Westex maintains a business relationship with Diamond Willow Energy, LLC ("Diamond Willow") which has a Tier 1 TERO license.  The arrangement between Westex and Diamond Willow calls for Diamond Willow to receive 10% of the amounts billed to Marathon for work performed by Westex on the Fort Berthold Reservation.   The arrangement between Westex and Diamond Willow became strained when Diamond Willow's Tier 1 TERO license was suspended.  This lead to payment disputes on the work performed for Marathon.  Marathon had master service agreements with both Westex and Diamond Willow.

Liquid Capital Exchange, Inc. ("Liquid Capital") and CSNK Working Capital Finance Corp. d/b/a Bay View Funding ("Bay View") are both in the factoring business.  Factoring involves the factor purchasing accounts receivable from a business (factoring client) at a discount and then working to secure payment of the accounts from the customer who owes on the account.  Customers are typically notified that all future payments on the unpaid account must be made directly to the factor rather than the factoring client.  The factor often takes a security interest in the factoring client's assets in order to secure repayment.   Factoring agreements are common in the energy industry.

Liquid Capital had a factoring agreement with Westex.   Bay View has a factoring agreement with Diamond Willow.   In its factoring agreement with Liquid Capital,  Westex assigned all its claims against Marathon to Liquid Capital.  Diamond Willow assigned all its claims against Marathon to Bay View in their factoring agreement.  Marathon made payment on the invoices to Bay View in the amount of $177,432.92 after signing an agreement with Bay View wherein Bay View agreed to indemnify and defend Marathon in relation to payment on the disputed invoices.  Bay View has refused to make any payment to Liquid Capital or Westex.

Westex subsequently placed liens on the three Marathon projects for failure to pay the disputed invoices.  The liens have been assigned to Liquid Capital.

The dispute over payment of the Westex invoices by Marathon has resulted in two lawsuits.  The first case is this federal declaratory judgment action, based upon diversity jurisdiction, filed by Bay View against Liquid Capital on July 7, 2020.  See CSNK Working Capital Finance Corp. d/b/a Bay View Funding v. Liuquid Capital Exchange, Inc., No. 1:20-cv-119 (D.N.D. July 7, 2020).  In this federal declaratory judgment action Bay View seeks a declaration that it, rather than Liquid Capital, holds the right to be paid by Marathon for the work done by Westex and/or Diamond Willow.  Bay View also seeks a declaration that Marathon complied with its legal obligations by paying Bay View.  Marathon is not a party to this federal declaratory judgment action.

The second case was filed by Liquid Capital against Marathon and Bay View on September 23, 2020, in North Dakota state court.  In the state court case Liquid Capital asserts claims against Marathon for promissory estoppel, breach of contract, unjust enrichment, breach of duty to pay assignee, foreclosure of liens, and a claim against Bay View for tortious interference with contract.  All six claims are based on state law.  On October 23, 2020, Bay View and Marathon removed the state case to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332.  On May 26, 2021, the case was remanded back to state court upon a finding that diversity was not complete.  Both cases boil down to the question of whether Marathon should have paid Bay View or Liquid Capital.  Neither case involves any question of federal law.

Liquid Capital is a Delaware corporation, with its principal place of business located in Dallas County, Texas.  Marathon is an Ohio corporation, with its principal place of business located in Houston, Texas.  Bay View is a California corporation, with its principal place of

business located in San Jose, California.  The Defendants have filed a joint Rule 12(b)(7) motion to dismiss for failure to join an indispensable party (Marathon).  See Doc. No. 9.  Bay View opposes the motion.

## II.   <u>LEGAL DISCUSSION</u>

Federal Rule of Civil Procedure 12(b)(7) allows a defendant to seek dismissal of a case for failure to join a party under Federal Rule of Civil Procedure 19.  See Fed. R. Civ. P. 12(b)(7).  In analyzing a Rule 12(b)(7) motion, courts must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party.  5C Wright & Miller, <u>Federal Practice and Procedure</u> § 1359 (3d ed. 2004).  The Court is not limited to the pleadings in its consideration of a Rule 12(b)(7) motion.  <u>Id.</u>; <u>Cafesjian v. Armenian Assembly of Am., Inc.</u>, No. 07-2079, 2008 WL 906194 at *4 (D. Minn. Mar. 31, 2008).

Rule 19 of the Federal Rules of Civil Procedure mandates that the court conduct a two-part inquiry when determining whether an action should be dismissed for failure to join an indispensable party.  Initially, the court must determine whether the absent person's presence is "required."  Fed. R. Civ. P. 19(a).  If the court determines the absent person's presence is "required," the court must then determine if dismissal is appropriate under Rule 19(b).  Dismissal is appropriate if the moving party demonstrates: (1) an absent and required party should be joined; (2) the court cannot join the absent, required party; and (3) the case cannot proceed "in equity or good conscience" without the absent, required party.  See Fed. R. Civ. P. 19(b).  "The Rule 19 inquiry is a context sensitive one which may vary from case to case."  <u>Two Shields v. Wilkinson</u>, 790 F.3d 791, 798 (8th Cir. 2015).

A.      **RULE 19(a)**

An absent person's presence is "required" in two instances.  The first is when complete relief cannot be accorded among the existing parties because of the absent person.  Fed. R. Civ. P. 19(a)(1)(A).  The second is when the absent person claims an interest in the subject of the action that is of such a character that disposing of the action would either impair or impede that person's ability to protect their interest as a practical matter or would leave an existing party in substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the absent person's interest.  See Fed. R Civ. P. 19(a)(1)(B)(i) and (ii).  If the presence of an absent person is "required," the court must order that the person be joined if feasible.  Fed. R. Civ. P. 19(a)(2).

In this case, the interests of Bay View and Marathon are closely aligned and adverse to the interests of Liquid Capital.  Thus, any joinder of Marathon would necessarily be as a plaintiff.  Bay View's complaint contains four claims for declaratory relief.  All four claims implicate Marathon's conduct, rights, and obligations.  Any declaration the Court makes in relation to each claim would necessarily affect Marathon.

Bay View's primary interest in the dispute is that it has agreed to indemnify Marathon.  Bay View's prayer for relief as to claims one and two asks the Court make findings as to, among other things, the parties' lien priorities and right to payment related to work performed by Westex and Diamond Willow for Marathon pursuant to contracts between Westex and Marathon and Diamond Willow and Marathon.  See Doc. No. 1, pp. 14-17.

In claim three Bay View seeks a determination that Marathon could only properly discharge its payment obligation as to the disputed Westex invoices by paying Bay View rather than Liquid Capital.  See Doc. No. 1, p. 18.  In claim four Bay View seeks a declaration that

Marathon was not a party to the agreement between Diamond Willow and Westex to transfer the disputed accounts and/or invoices to Liquid Capital.  <u>See</u> Doc. No. 1, p. 19-20.  The essential determination Bay View seeks is whether Marathon should have paid Bay View or Liquid Capital.  These determinations clearly affect Marathon's rights and legal obligations.  As the complaint in the state court action demonstrates, the primary dispute is between Liquid Capital and Marathon.  <u>See</u> Doc. No. 10-1.  Proceeding with this case without Marathon may impair Marathon's ability to protect its interests and put Marathon in a position that affects its defense in the ongoing state court action.  Similarly, Liquid Capital, an existing party, risks inconsistent judgments if both cases proceed.  Marathon's decision to pay Bay View is at the heart of the dispute such that to proceed without Marathon would critically impair the Court's ability to fashion complete relief.

In both claims three and four Bay View contends it "steps into the shoes of and asserts this Declaratory Judgment Claim on Marathon's behalf."  <u>See</u> Doc. No. 1, pp. 18-19.  In doing so Bay View effectively admits Marathon is a required party.  Bay View's suggestion that it stands in the shoes of Marathon and can represent the interests of Marathon confuses its status as an indemnitor, which it is, with that of an assignee, which it is not.  <u>See</u> <u>Searles Valley Mins.</u> <u>Operations Inc. v. Ralph M. Parsons Serv. Co.</u>, 120 Cal. Rptr. 3d 487, 492 (Cal. Ct. App. 2011) (discussing the difference between and indemnitor and an assignee and noting an assignee stands in the shoes of the assignor).  Once a claim has been assigned, the assignee owns the claim and has the right to sue on it.  <u>Id.</u>  Bay View is not an assignee and thus cannot represent Marathon's interests.  Under these circumstances, the Court cannot accord complete relief among the existing parties and the risk of inconsistent obligations is very real.  As such, the Court finds Marathon is a required party.

Because Texas is the principal place of business for both Marathon and Liquid Capital, Marathon cannot be joined as a plaintiff in this action as doing so would destroy diversity and deprive the Court of subject matter jurisdiction.  See 28 U.S.C. § 1332.  Liquid Capital cannot file any counterclaims against Marathon in this federal declaratory judgment action because Marathon is not a party to the case and cannot be made a party.  And contrary to Bay View's contentions, supplemental jurisdiction is not available over "persons proposed to be joined as plaintiffs under Rule 19."  See 28 U.S.C. § 1367(b); 13D Wright, Miller, Cooper, & Freer, Federal Practice and Procedure § 3567.2 (3d ed. 2008) (stating Section 1367(b) withdraws supplemental jurisdiction for claims asserted by absentees brought in as plaintiffs under Rule 19).  Thus, joinder is not feasible.

### 2)   RULE 19(b)

Once joinder of an absent person has been determined to be "required" but not feasible under Rule 19(a), Rule 19(b) sets forth four factors to be considered by the court in exercising its discretion to dismiss a case for non-joinder: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) "the extent to which any prejudice could be lessened or avoided" by carefully crafting the judgment; (3) "whether a judgment rendered in the person's absence would be adequate;" and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder."  Fed. R. Civ. P. 19(b).  In addition, four key interests must be kept in mind: (1) the plaintiff's interest in having a forum; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole obligation for a liability shared with another; (3) the interests of the absent party; and (4) the interest of the courts and the public in complete, consistent, and efficient settlement of

controversies.  Nichols v. Rysavy, 809 F.2d 1317, 1332 (8th Cir. 1987).  In making the joinder determination under Rule 19(b), the court must undertake a practical examination of the circumstances and avoid an inflexible formulistic approach.  Whether a party is indispensable can only be determined in the context of the particular litigation.  Spirit Lake Tribe v. N.D., 262 F.3d 732, 746 (8th Cir. 2001).

The first factor requires consideration of whether a judgment rendered in the person's absence would prejudice the person or the other parties.  In other words, the interests of the absent party (Marathon) must be considered.  If a judgment was entered in Marathon's absence, Marathon is likely be prejudiced since there is a related case pending in state court between Liquid Capital, Marathon, and Bay View.  In the state court case, Liquid Capital seeks money damages against Marathon and to foreclose liens upon Marathon's wells for the same work performed by Westex that is at issue in this case and which was billed to Marathon by Westex. Although Marathon is not a party to this federal declaratory judgment action, each claim for relief seeks a finding as to Marathon's actions and omissions which would clearly affect Marathon's legal rights and obligations.  If the Court were to issue a declaratory judgment as Bay View requests, such judgment may affect the existing state court case and Marathon's interests which are at issue in that case.  The Court finds the first factor weighs in favor of dismissal.

The second factor to be examined is the extent to which prejudice can be lessened or avoided by carefully crafting the judgment or taking other measures.  Of concern are the interests of the defendant in avoiding multiple litigation, inconsistent relief, or sole responsibility for liability shared with another.  Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 110 (1968).  In this case, there appears to be no way to fashion a judgment which protects

Liquid Capital's interests without touching on the interests of Marathon. Both cases revolve around Marathon's conduct relative to the Westex invoices. The risk of inconsistent obligations is clear. It is not possible to rule in favor of both Liquid Capital and Marathon whose interests conflict. The Court finds the second factor weighs in favor of dismissal.

The third factor asks the Court to consider whether a judgment rendered in the absence of the party who cannot be joined (Marathon) would be adequate. This factor requires consideration of the interests of the public and courts in the "complete, consistent, and efficient settlement of controversies." Patterson, 390 U.S. at 111. If a declaratory judgment were rendered in Marathon's absence, such a judgment would be inadequate to the extent that the declaratory relief requested requires the Court to make findings regarding Marathon's liability. The key issue is whether Marathon's payment to Bay View was proper. The Court cannot issue a judgment detailing Marathon's obligations when Marathon is not a party to the case. Omitting such a finding from the declaratory judgment would render the declaratory judgment incomplete. The Court finds the third factor weighs in favor of dismissal.

The fourth factor identified in Rule 19(b) is whether the plaintiff would have an adequate remedy if the action were dismissed. This factor primarily focuses on the interests of the plaintiff. Alternate forums are clearly available for Bay View to advance its claims and allow all the relevant parties to participate and represent their interests. For example, Bay View could file a declaratory judgment action in state court in North Dakota. In addition, Bay View can raise any necessary counterclaims in the state court action filed by Liquid Capital. This is not a case where the dismissal for non-joinder results in a complete bar to recovery. The Court finds the fourth factor weighs in favor of dismissal.

The Court has carefully considered all of Bay View's arguments against dismissal and

finds them unpersuasive.  Dismissal is the appropriate remedy.  Proceeding in state court where all interested parties will be able to protect their interests is the best course of action and will allow for complete, consistent, and efficient settlement of controversy.


## III.    <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant law.  For the reasons set forth above, the Court the Defendants' motion to dismiss (Doc. No. 9) is **GRANTED**.  The Defendants' motion for hearing (Doc. No. 11) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2021.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court